UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TOMMY T. PORTER and
SIDNEY N. LANGLEY,

    Plaintiffs,

v.                                                                                        Case No. 21-12842

UNITED STATES DISTRICT
COURT OF THE EASTERN DISTRICT OF
MICHIGAN, et al.,

    Defendants,
_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT**

Before the court is Plaintiffs Tommy Porter's and Sidney Langley's *pro se* civil rights complaint. The court has reviewed the relevant filings and for the reasons stated below, the will court grant Plaintiffs' request to proceed *in forma pauperis*, but will dismiss Plaintiffs' complaint for a failure to state a claim on which relief can be granted.

**I. BACKGROUND**

Plaintiffs are both residents of Detroit, Michigan. (ECF No. 1, PageID.2.) Plaintiffs bring suit against the U.S. Courts, a number of federal and state agencies, as well as unnamed "officers, insurance [companies], attorneys and witnesses." (*Id.*, PageID.3.) Plaintiffs' attempt to bring a scattered mass of claims are largely undecipherable, but appear to focus on injuries that allegedly occurred during past interactions with law enforcement and the criminal justice system. Specially, Plaintiffs label their claims as "entrapment," "double jeopardy," "harassment," "exploitation," "RICO and malpractice,"

1

but the complaint provides no explanation of the facts underlying each nominal claim. (*Id.*, PageID.5.) Plaintiffs attached a number of exhibits that appear to be the result of various FOIA requests and "citizen complaints" Plaintiff Porter had filed with various city, state, and federal agencies between 2012 and 2019. (*Id.*, PageID.12-13.)

As remedies for the harms alleged in the complaint, Plaintiff Porter seeks damages including "over" $1,000,000,000 "with infinite . . . interest." Plaintiff Langley seeks a modest $150,000. (*Id.*, PageID.5-6.) Both Plaintiffs also appear to desire some form of injunctive "relief for illegal incarceration for [sic] his/her complete file." (*Id.*, PageID.6.)

## II. DISCUSSION

### A.  Plaintiff can proceed *in forma pauperis*

All individuals, both prisoners and nonprisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997). Plaintiffs have filed an application to proceed *in forma pauperis* with the requisite information.  Accordingly, the court will grant the application to proceed *in forma pauperis.*

### B.  Plaintiff's complaint will be dismissed

The court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2). This screening process applies to complaints brought by

both prisoners and non-prisoners. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis either in law or in fact. *Id.* at 612.

An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 (1989). A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir.2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if [ ]he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–79). When employing these standards, the court must read the plaintiff's *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying this standard, the court finds that Plaintiff has failed to state a claim against any defendant. The complaint filed in the present suit contains only a conclusory list of allegations with no discernable factual predicates. Under Federal Rules of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." The present complaint is clearly insufficient to establish a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]."). Furthermore, the damages request in the complaint—$1 billion with "infinite" interest—suggest that much of the complaint would also qualify as fanciful under section 1915(e)(2).

### III.  CONCLUSION

The court finds Plaintiffs' claim is without merit. The court therefore will dismiss Plaitniffs' case *sua sponte* for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). Accordingly,

IT IS ORDERED that the Plaintiffs' application to proceed *in forma pauperis is* GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 28, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\21-12842.PORTER.DismissComplaint.AAB.RHC.docx