UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TOMMY T. PORTER and
SIDNEY N. LANGLEY,

    Plaintiffs,

v.                                           Case No. 21-12842

UNITED STATES DISTRICT
COURT OF THE EASTERN DISTRICT OF
MICHIGAN, et al.,

    Defendants,
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND JUDGMENT AND MOTION TO EXPEDITE CONSIDERATION

### I.    INTRODUCTION

Plaintiffs Tommy T. Porter and Sidney N. Langley's filed a *pro se* Civil Rights Complaint and Application to Proceed *in Forma Pauperis*. (ECF No. 1.) In an Opinion and Order dated January 28th, 2022, the court screened the complaint under 28 U.S.C. § 1915(e)(2) and dismissed *sua sponte* Plaintiffs' complaint with prejudice because Plaintiffs have failed to state a claim upon which relief can be granted. (*See* ECF No. 6.)

Now before the court are Plaintiffs' requests to alter or amend the court's judgment (ECF No. 8), and their request to expedite consideration of their objections, (ECF No. 9). For the reasons explained below, the court will deny the motions.

## II. DISCUSSION

Plaintiffs have an "objection" to the court's previous opinion and order dismissing this action *sua sponte*. Because the current version of Local Rule governing motions for reconsideration requires that "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)," *see* Local Rule 7.1(h)(2), the court construes Plaintiffs' "objections" as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations omitted). "A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A Rule 59 motion may not be used to relitigate issues of disagreement with the court's initial ruling. *See, e.g., Howard*, 533 F.3d at 475 (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case' "); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.").

Plaintiffs argue that relief under 59(e) is necessary because the court erred in finding that their complaint was without merit under 28 U.S.C. § 1915(e)(2). Plaintiffs also maintain that their status as *pro se* litigants invalidates the application of 28 U.S.C. § 1915(e)(2). However, this argument is incorrect; while *pro se* litigants are held to a lower standard, the lenient treatment generally accorded to *pro se* litigants has limits.

2

> [A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quotations omitted).

Again, Plaintiffs' label their claims as "Entrapment," "Double Jeopardy," "Harassment," "Exploitation," "RICO," and "Malpractice," but neither the complaint nor the objections provide a cogent explanation of the facts underlying each nominal claim. (*See* ECF No. 8, PageID.6-7.) Even under the less stringent standards granted to *pro se* litigants, Plaintiffs still fail to state a valid claim against any Defendant. Plaintiffs have failed to demonstrate any basis for post-judgment relief and so the motion will be denied.

Plaintiffs' remaining motion (ECF No 9), which asks the court to expedite consideration of their objections and Rule 59(e) motion is rendered moot by the court's decisions denying the objections and denying the Rule 59(e) motion.

### III. CONCLUSION

Plaintiffs have failed to show that the court erred in dismissing *sua sponte* their complaint. Accordingly,

IT IS ORDERED that Plaintiffs' motion to alter or amend its judgment in this case (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that the Plaintiffs' requests to expedite consideration of their objections and Rule 59(e) motion (ECF No. 9) is DENIED AS MOOT.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: May 26, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 26, 2022, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-12842.PORTER.MotionToAmend.AS.AAB.docx